*582 OPINION
By GEIGER, P. J.
This matter is before this court on an appeal from the judgment of the Court below in an action wherein the plaintiff below sought to recover from the defendantadministratrix, for services rendered to the administratrix’s decedent.
In this case three amended petitions were filed before the cause came on for trial before a jury.
The third amended petition asserts that the plaintiff, on August 12, 1930, at the request of Patrick Fitzsimmons, now deceased, went to keep house for him, which she did until October 24, 1936, a period of six years and more; that during the period aforesaid, at the request of decedent, in addition to duties as housekeeper she did laundry work and nursed and cared for the decedent during the time when he was ill; that the said extra duties, aside from housekeeping, required her to be on duty at all times and that the decedent agreed to pay a reasonable value for such services, but failed to do so; that the reasonable value thereof was $3,220.00. Plaintiff states that on July 28, 1937, she presented her claim for allowance, which claim was rejected by the administratrix.
The answer appéaring on the docket was an amended answer to the second amended petition admitting the presentation and rejection of the claim and denying all other allegations.
SECOND DEFENSE. As a second defense defendant denies that Fitzsimmons entered into any agreement agreeing to pay $10.00 per week for her services, and asserting that if any services were performed plaintiff was fully paid therefor.
THIRD DEFENSE. As a third defense defendant pleads that as to any services rendered more than six years prior to the commencement of the action, the cause of action is barred.
Inasmuch as the amended answer appears to be addressed to the second amended petition rather than to the third, we note that the second amended petition differs from the third in that the plaintiff alleges that she went to keep house for Fitzsimmons, which she did for a period of six years; that she entered into an oral agreement on or about August 12, 1930, to render the service for $10.00 per week and said Patrick Fitzsimmons agreed to pay plaintiff $10.00 per week, and that there is due under this agreement the sum of $3,220.00.
It would appear that in the second amended petition there is a claim for a contracted payment for all the service rendered by the plaintiff, but the third amended petition is based on a quantum meruit for the value of services rendered by her in addition to the duties as housekeeper which are enumerated.
The defendant moved that she be permitted to amend her amended answer by stating as a defense that subsequent to the performance of service plaintiff had filed an application for Old Age Pension, which was awarded; that in making said application qualifying for said pension, the plaintiff agreed to and did transfer to the State any interest that she had in the claim set forth in her petition.
At the conclusion of plaintiff’s evidence, and also at the conclusion *583 of all the evidence, the defendant moved that the court instruct the jury to render a verdict in favor of defendant. These motions were overruled and exceptions noted and the case proceeded to trial upon the issues thus made and resulted in a verdict in the sum of $3,000.00. Motion for new trial was made and overruled and notice of appeal given.
The defendant files a memoran¡dum but files no assignment of errors. The plaintiff files a motion to ‘dismiss the appeal because the defendant has failed to file such an assignment. This failure gives to the Court the right to dismiss the appeal, but the statute is not obligatory on this point and the Court is of the opinion that inasmuch as counsel for defendant, in his brief, discloses what he considers as an assignment of errors, the Court overrules the motion to dismiss.
The testimony in this case is not extensive, neither may it be said to be entirely satisfactory. The issues as tried were that the plaintiff served the decedent, a railroad employee, as housekeeper for himself and a brother for which she was paid $2.00 per week, and the claim is that there was a contract by which she was to perform certain other services than those incident to the employment as housekeeper for which the decedent agreed to pay her. Counsel for defendant first points out the fact that in the four petitions filed, resulting finally in the trial on the third amended petition, there is a vacillation upon the part of the plaintiff as to just what her claim may be, whether based upon a contract for a specific amount or upon quantum meruit. It is quite true that there is a vacillation upon this point, but when the action finally proceeded to trial it was upon the allegation that for the extra services “the decedent agreed to pay plaintiff a reasonable value for such services, but failed and neglected to do so; the reasonable value of such service so rendered is $3,220.00.”
This action involves factual questions which were eminently ones for the determination of the jury. Counsel for defendant analyzes the testimony of the several witnesses for the plaintiff and asserts that the court was in error in overruling his motion for directed verdict.
Had we been sitting as the triers of the facts we might have hesitated to render a verdict in favor of plaintiff, especially for the amount of recovery given by the jury on the ground that the evidence did not sufficiently disclose that “the defendant agreed to pay the plaintiff a reasonable value for such services but failed and neglected to do so”, and also on lack of evidence as to value. However, there is evidence supporting this allegation. The services were satisfactory and the decedent, Patrick Fitzsimmons, seemed to have a very high regard for the care given by the plaintiff, and when she would leave because not being able to agree with the brother of Patrick, Patrick would seek her return for the reason that she was the most satisfactory housekeeper he had had and he dreaded to lose her services. She would perform many services not strictly incidental to those of a housekeeper. However, all this matter was before the jury and the analysis of the evidence which is set out in defendant’s brief was no doubt presented to the jury and considered by it, and we can not say that the verdict of the jury was against the manifest weight of the evidence, or that the verdict is excessive.
*584 *583 The charge of the court properly explained the relationship be- *584 4;ween the parties, and there is no complaint of any action of the ■court except the permission grant•ed to the plaintiff to amend the petition after the case had gone to trial. This we believe the court had a right to do and that such action was not prejudicial.
We are of the opinion that the judgment should be affirmed.
BARNES & HORNBECK, JJ, concur.